UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KRYSTAL MIMS,
on her own
behalf and others
similarly situated,

    Plaintiff,

Case Number _____

v.

RANDOLPH HOTEL, INC.

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, (on her own and on behalf of others similarly situated) was an employee of Defendant, a foreign for profit corporation, and brings this action for unpaid wages, retaliation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). Plaintiff(s) worked as an hourly worker for Defendant and performed related activities for Defendant in Pinellas County, Florida. Plaintiff was employed in a labor position by Defendant from approximately February 2015 through October of 2016.

2. Defendant is a Florida for profit corporation that operates and conducts business in, among others, Pinellas

County, Florida, and is therefore, within the jurisdiction of the Court. Defendant is an EMPLOYER as defined by the FLSA and Defendant conducts interstate commerce, using telephones, highways and byways and products and supplies (that are used in connection with services provided to Defendant's customers) which do not originate from Florida. Upon information and belief, Defendant grosses far in excess of $500,000.00 in annual revenue at all times material to this case, including the 24 months prior to September 2016.

3. This action is brought under the FLSA to recover from Defendant, unpaid wages, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every hourly employee who worked for the Defendant at any time within the past three (3) years.

4. The Court has jurisdiction over Plaintiff(s) claims as all material events transpired in Pinellas County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

5. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

6. At all material times relevant to this action, Plaintiff(s) in her capacity as an employee(s) were individually covered by the FLSA. Plaintiff used telephones, computers and also obtained supplies for the use of Defendant's guests, including guests from out of state as well as guest who reside in Florida.

7. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff(s) performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff(s) for all hours worked during their employment. "Catherine Skillman" was introduced as Defendant's property manager and/or general manager, who directed most aspects of Plaintiff's employment. Upon her termination, Manager Skillman acknowledged that Plaintiff had worked "above and beyond" what could have been reasonably expected of Plaintiff in regards to the sheer number of hours that Plaintiff worked, but was not compensated by Defendant.

8. During their employment with Defendant, Plaintiff(s), and those similarly situated to them, were not paid for all time worked during one or more work weeks. Specifically, Defendant failed to pay Plaintiff and those similarly situated to them for work performed off the clock, including but not limited to requiring Plaintiff(s)

3

to work without compensation. In fact, in many instances, Defendant did not keep accurate track of the hours worked by Plaintiff and simply paid Plaintiff an hourly rate that would have equated to far less than the minimum wage. For example, on some weeks, of her employment, Defendant would only pay Plaintiff for up to twenty-three hours of work per week, even when Plaintiff had worked between thirty-five or more hours per week. And during those some weeks, Defendant would require Plaintiff to work time in excess of forty hours a week and Defendant would make no provision to pay Plaintiff for the overtime wages and, likewise, Defendant would make no attempt to even record those hours that Plaintiff worked over twenty three hours in a given week throughout the entirety of Plaintiff's employment.  For example, in an week in which Plaintiff worked thirty-five hours a week, Plaintiff should have been paid at least $281.75 for the hours that she worked that given week. However, Defendant always paid less than Plaintiff less than the minimum wage as defined by law when the totality of all the hours worked by Plaintiff are properly calculated.  Whereas Defendant would only record Plaintiff's work from 4pm to 7pm five days a week and from 8am to 4pm on Saturdays, Plaintiff would routinely work from 2pm to 7pm or later, five days a week with the full

knowledge of Defendant, who allowed Plaintiff to suffer and toil for the express benefit of Defendant without lawful pay.

9. Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiff(s), and others similarly situated to them, true hours of work. Yet, Defendant did not turn over any documentation that may have assisted Plaintiff(s) in providing a more specific demand. The extent to which other similarly situated workers may be owed wages under the FLSA has yet to be determined. To the extent that relevant documents exist, such are believed to be in the exclusive possession of Defendant; however Defendant has not produced any documentation relating to this claim. At no point has Defendant ever suggested, informed or advised Plaintiff that Plaintiff was exempt or that Plaintiff did not work the time that Plaintiff has claimed to have worked, but not been paid for, and Defendant has never denied owing Plaintiff wages as sought by Plaintiff.

### RECOVERY OF MINUMUM WAGE COMPENSATION

10. Plaintiff(s) reincorporates and readopts all allegations contained within Paragraphs 1-9, above.

11. Plaintiff(s), and those similarly situated to them, are/were entitled to be paid their regular rate of

pay for each hour worked per work week. Likewise, Plaintiff(s) and those similarly situated to them are/were entitled to be paid the lawful rate of pay for each hour worked during each week of their employment. During their employment with Defendants, Plaintiff(s), and those similarly situated to them, regularly worked hours for each week and were not paid even minimum wages for said time. Plaintiff was not a managerial employee, but was a laborer for Defendant. Plaintiff did not exercise discretion in the performance of her job duties for Defendant. Plaintiff routinely performed a variety of low level, blue collar tasks for Defendant, including cleaning rooms, doing laundry, answering phones, taking room payments, using computers, using Defendant's internet access, sending emails related to the other company employees or agents such as ordering clerks, and the processing of guest payments.

12. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to them, their correct rate of pay for each hour worked work week in one or more work weeks, Plaintiff, and those similarly situated to them, have suffered damages plus incurring reasonable attorneys' fees and costs.

13. As a result of Defendant's willful violation of the FLSA and Article X, Section 24 of the Florida Constitution, Plaintiff(s), and those similarly situated to them, are entitled to payment of the unpaid wages under Florida law, as well as minimum wages liquidated damages under the FLSA.

14. Plaintiff(s) demands a trial by jury.

WHEREFORE, Plaintiff(s), and all other similarly situated employees, demand judgment against Defendant, for the payment of all hours at the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

I HEREBY AFFIRM THAT THE FACTUAL STATEMENTS MADE ABOVE ARE TRUE AND CORRECT, UNDER PENALTY OF PERJURY.

_/s/ Krystal Mims_

Krystal Mims

DATED this 8th day of February 2017.

W. John Gadd, Esq.
Fl Bar Number 463061
**Bank of America Building**

2727 Ulmerton Rd. Ste. 250

Clearwater, FL 33762
Tel - (727)524-6300
Email - wjg@mazgadd.com