UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KRYSTAL MIMS,

    Plaintiff,

v.                                               Case No: 8:17-cv-00352-T-27TGW

RANDOLPH HOTEL, INC.,

    Defendant.
_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT OF FLSA CLAIMS
AND STIPULATION OF DISMISSAL WITH PREJUDICE**

Plaintiff, Krystal Mims ("Mims") and Defendant, The Randolph Hotel, Inc. ("Randolph Hotel") (collectively, the "Parties"), by and through their undersigned counsel, hereby jointly move this Court for an order approving settlement under the Fair Labor Standards Act ("FLSA"), and stipulate to dismissal with prejudice pursuant to Rule 41(a)(1)(A)(ii), Fed. R. Civ. P. The grounds for this Motion are as follows:

1.     The Parties have reached an agreement to resolve this case, which consists of disputed claims for alleged unpaid minimum wages and overtime under the FLSA in connection with Mims' former employment. The Parties also contest the existence of FLSA coverage and the applicability of an exemption from FLSA's minimum wage and overtime requirements.

2.     Notwithstanding, the Parties jointly, respectfully request Court approval of the settlement as necessary and appropriate pursuant to *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

3. The Parties' Settlement Agreement and Release of FLSA Claims and Non-FLSA Claims is attached hereto as **Exhibit "A."** The proposed settlement is as follows:

a. $450.00 to Mims' claims for alleged wages owed;

b. $50.00 to Mims as separate consideration to resolve any and all of Mims' non-FLSA claims against Randolph Hotel;

c. $1,000.00 attributable towards Mims' attorneys' fees and costs.

Randolph Hotel will pay Mims within fifteen (15) days after entry of an Order approving the Settlement Agreement and dismissing the case with prejudice.

## Memorandum of Law

The parties seek Court approval of the settlement of Plaintiff's FLSA claims pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). In the context of a private FLSA lawsuit, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court approves it. *Id*. at 1353. In detailing the circumstances justifying court approval of an FLSA settlement, the Eleventh Circuit has said:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back

>>wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement in litigation.

*Id*. at 1354.

The Middle District of Florida has addressed requested settlements of FLSA claims on various occasions, finding that such settlements should be approved only under certain circumstances. For example, the plaintiff generally cannot be required to agree to confidentiality and general release provisions for FLSA claims. *See e.g.*, *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350 (M.D. Fla. 2010); *Dees v. Hydradry Inc.*, 706 F. Supp. 2d 1227 (M.D. Fla. 2010).

The Settlement Agreement in this case conforms to the standards articulated in those cases. It does not contain a confidentiality provision and provides for separate consideration for a release of any and all of Mims' non-FLSA claims. Moreover, the agreement fairly compromises disputed claims about: (a) FLSA coverage and applicability; (b) the number of hours Mims worked; (c) the agreed-upon compensation for Mims; and (d) the amount of compensation Mims received.

Mims claims that she was denied minimum wages and overtime in violation of the FLSA in connection with her employment with Randolph Hotel. (Compt. ¶¶ 1, 3, 7, 8, 9, 10, 11, 12, and 13 [Dkt. 001]). Mims claims $3,461.50 in alleged damages in this case. (Answer to Ct.'s Rogs. ¶ 7(e) [Dkt. 7-1].) However, Mims could only be entitled to minimum wages and overtime pay—as well as liquidated damages and attorneys' fees—if FLSA coverage exists and no exemption under the FLSA applies.

Randolph Hotel maintains that neither Randolph Hotel nor Mims is covered under the Fair Labor Standard Act ("FLSA"). Randolph Hotel has gross revenue of less than $500,000 annually, and therefore is not a covered enterprise under the FLSA. *See* 29 U.S.C. §§ 207(a)(1) and 203(s)(1)(A)(i), (ii)(2014). (Doc. 21, § C at p. 5–7). Mims was not engaged in commerce or in the production of goods for commerce while she worked for Defendant, and therefore is not individually covered under the FLSA. *See* 29 U.S.C. § 203(s)(1)(A)(i)(2014). (Doc. 21, § D at p. 7–12). Randolph Hotel further contends that Mims, who resided on Randolph Hotel's premises during her employment with Randolph Hotel, was paid all the wages and other amounts to which she is entitled as Mims was paid according a reasonable agreement of the parties which took into consideration all of the pertinent facts.  29 C.F.R. § 785.23.

Randolph Hotel has represented that, if the case is not settled, Randolph Hotel would be seeking bankruptcy protection, which would greatly limit Mims' ability to recover any claimed wages. Moreover, the Parties dispute the amount of wages that Mims may be entitled to during her employment relationship with Randolph Hotel based on a contested number of hours worked, the method and rate of pay agreed to, and the amount Mims received in compensation for her services.

The Parties' settlement negotiations of Mims' FLSA and related claims were aggressive and focused. The negotiations were detailed and fact-based. The Parties and their counsel discussed the discovery exchanged and FLSA coverage issues.  The Parties explored the likelihoods of success (or not) of their factual and legal contentions.  There was no collusion. The parties believe that the settlement of Mims' FLSA claims is fair

and reasonable in light of the evidentiary proof and the expense and disruption inherent in completing discovery, preparing the claims/defenses for trial, and the uncertainty of the outcome of trial. Finally, the amount of consideration for a release of Mims' non-FLSA claims, as well as the amount of Mims' attorneys' fees and costs, were each agreed upon separately without regard to the amount of Mims' FLSA recovery.

**WHEREFORE**, the Parties respectfully request that the Honorable Court approve the settlement of Mims' FLSA claims and dismiss this case with prejudice.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of Court by using the CM/ECF System which will send a notice of electronic filing to all counsel of record on this 16th day of March, 2018.

/s/ *Catherine M. DiPaolo*
CHARLES M. HARRIS, JR.
FBN 967459
CHarris@trenam.com |
gkesinger@trenam.com
RICHARD M. HANCHETT
FBN 709212
RMHanchett@trenam.com |
achrisman@trenam.com
CATHERINE M. DIPAOLO
FBN 0071685
CDiPaolo@trenam.com |
svulliet@trenam.com
Trenam, Kemker, Scharf, Barkin, Frye,
O'Neill & Mullis, P.A.
101 East Kennedy Boulevard, Suite 2700
Tampa, Florida 33602
(813) 223-7474 / Fax: (813) 229-6553
Attorneys for Defendant

s/ *W. John Gadd*
W. JOHN GADD
FBN 463061
wjg@mazgadd.com
Law Office of W. John Gadd, P.A.
Bank of America Building
2727 Ulmerton Rd. Ste. 250
Clearwater, FL 33762
(727) 524-6300 / Fax (727) 498-2160
Attorney for Plaintiff

*/s/ Kyle J. Lee*
KYLE J. LEE
FBN: 105321
Kyle@KyleLeeLaw.com
LEE LAW, PLLC
P.O. Box 4476
Brandon, FL 33509-4476
Telephone: (813) 343-2813
Attorney for Plaintiff

5

# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE
## OF FLSA CLAIMS AND NON-FLSA CLAIMS

1. This Agreement covers all understandings between and among Plaintiff **KRYSTAL MIMS** ("**KRYSTAL MIMS**," a term which includes **KRYSTAL MIMS'** successors, assigns, beneficiaries, personal representatives, and heirs) and Defendant The Randolph Hotel, Inc. ("Randolph Hotel," a term which includes each and every officer, director, employee, agent, servant, legal representative, and insurer of The Randolph Hotel, Inc.) which relate to the subject matter of the lawsuit *KRYSTAL MIMS v. Randolph Hotel, Inc.*, Case No.: **8:17-cv-00352-TGW** (the "Lawsuit"), pending in the United States District Court for the Middle District of Florida.

2. For and in consideration of the promises outlined in Paragraph 3 of this Agreement, **KRYSTAL MIMS** acknowledges and agrees as follows:

    a. To settle all claims and causes of action between **KRYSTAL MIMS** and Randolph Hotel which are the subject matter of the Lawsuit, and release and forever discharge Randolph Hotel, jointly or severally, from all and any manner of actions, causes of actions, suits, rights to attorneys' fees, debts, claims and demands whatsoever in law or equity by reason of any claims or actions, including those which are the subject matter of the Lawsuit. The claims **KRYSTAL MIMS** is releasing include, but are not limited to, any and all allegations that Randolph Hotel:

        i. failed to provide minimum wage to **KRYSTAL MIMS** in violation of the Fair Labor Standards Act, as amended, Florida common law, or any other federal, foreign, state or local wage-hour law, statute, regulation or ordinance;

        ii. failed to provide overtime or any other wages to **KRYSTAL MIMS** in violation of the Fair Labor Standards Act, as amended, Florida common law, or any other federal, foreign, state or local wage-hour law, statute, regulation or ordinance;

        iii. retaliated against **KRYSTAL MIMS** in violation of the Fair Labor Standards Act, as amended, Florida common law, or any other federal, foreign, state or local wage-hour law, statute, regulation or ordinance;

        iv. is in any way obligated for any reason to pay **KRYSTAL MIMS'** wages, restitution, damages, expenses, litigation costs (including attorneys' fees), backpay, frontpay, premium pay, disability or other benefits, liquidated damages, compensatory damages, punitive damages, and/or interest; and/or

        v. is in any way obligated for any reason to provide legal, declaratory, equitable, or injunctive relief.

    b. That this settlement is the compromise of disputed issues of law and fact and does not constitute an admission by Randolph Hotel of any violation of any federal, foreign, state, or local law, statute, regulation or ordinance, or any violation of any of **KRYSTAL MIMS'** rights or of any duty owed by Randolph Hotel to **KRYSTAL**

**MIMS**.

c. To a dismissal with prejudice of the Lawsuit.

d. That she has completely read this Agreement and has had sufficient opportunity to examine it and ask questions and consult with her attorneys and other persons of her own choosing prior to entering into this Agreement. **KRYSTAL MIMS** further acknowledges that she is signing this Agreement voluntarily and without coercion or duress and with full understanding of its terms and effects. **KRYSTAL MIMS** has not been promised any benefit except for the mutual consideration set out herein and there are no other understandings or oral/written agreements relating to her separation from any business relationship with Randolph Hotel except those set out herein.

e. That nothing in this Agreement restricts or impedes **KRYSTAL MIMS** from (a) exercising protected rights to the extent that such rights cannot be waived by agreement; (b) complying with any applicable law or regulation or a valid order of a court of competent jurisdiction; (c) reporting possible violations of law, rule or regulation to any governmental agency; (d) filing an administrative charge or participating in any government agency investigation or proceeding (although **KRYSTAL MIMS** waives the right to recover monetary damages in connection with any charge, complaint or lawsuit filed by **KRYSTAL MIMS** or anyone else); or (e) making any other disclosure that is protected by law.

3. For and in consideration of the promises outlined in Paragraph 2 of this Agreement, Randolph Hotel agrees to pay total consideration in the amount of $1,500.00, which includes:

    a. A check payable to **KRYSTAL MIMS** in the total amount of $450.00 in full settlement of **KRYSTAL MIMS'** FLSA claims against Randolph Hotel ("FLSA Payment"). Randolph Hotel will issue a Form 1099 in connection with this payment.

    b. A check payable to **KRYSTAL MIMS** in the total amount of $50.00 as separate consideration to resolve any and all of **KRYSTAL MIMS'** non-FLSA claims against Randolph Hotel ("Non-FLSA Payment"). Randolph Hotel will issue a Form 1099 in connection with this payment.

    c. A check payable to Law Office of W. John Gadd, Tax ID # 46-4114747, in the amount of $1,000.00, which amount shall be attributable to ' attorneys' fees and costs ("Fees Payment"). Randolph Hotel will issue a Form 1099 in connection with this payment.

    The total settlement sum shall be delivered to **W. John Gadd**, Attention: W. John Gadd, Esq., Bank of America Building, Suite 250, Clearwater, FL 33762 within fifteen (15) days of days of the Court's approval of the parties' settlement and **KRYSTAL MIMS'** delivery of an executed original of this Agreement to The Randolph Hotel, Inc., c/o Trenam Law, Attn: Catherine M. DiPaolo, 101 E. Kennedy Blvd., Suite 2700, Tampa, Florida 33602.

4. In exchange for and in consideration of the FLSA Payment and Fees Payment being made under this Agreement, **KRYSTAL MIMS**, for herself, her attorneys, heirs, executors,

2

administrators, successors and assigns, fully, irrevocably, unconditionally and forever waives, discharges, and releases The Randolph Hotel, Inc., its respective parents, subsidiaries, divisions, related and affiliated entities and companies and their respective successors and assigns, and their directors, shareholders, officers, members, agents, administrators, trustees, attorneys, representatives, employees in their individual and official capacities, and their heirs, executors, and administrators (the "Released Parties"), from any and all claims for unpaid wages, overtime, and/or liquidated damages, that were or could have been asserted in the Lawsuit, as well as any other wage and hour claim of any kind based on the same factual predicate as this action.

In exchange for and in consideration of the Non-FLSA Payment being made under this Agreement, **KRYSTAL MIMS**, for herself, her attorneys, heirs, executors, administrators, successors and assigns, fully, irrevocably, unconditionally and forever waives, discharges, and releases the Released Parties from any and all charges, claims, actions, and causes of action against the Released Parties from the beginning of time through the date of this Agreement, including but not limited to any claims arising under (i) the United States Constitution, Title VII of the Civil Rights Act of 1964, as amended, the ADA, as amended, the FMLA, the Equal Pay Act, as amended, the Employee Retirement Income Security Act, as amended (with respect to unvested benefits), the Civil Rights Act of 1991, as amended, Section 1981 of U.S.C. Title 42, the Sarbanes-Oxley Act of 2002, as amended, the Worker Adjustment and Retraining Notification Act, as amended, the National Labor Relations Act, as amended, the Genetic Information Nondiscrimination Act of 2008, the FCRA, Florida Whistleblower Protection Act, Florida Workers' Compensation Law Retaliation provision, Florida Wage Discrimination Law, Florida Minimum Wage Act, Florida Equal Pay Law, Florida AIDS Act, Florida Discrimination on the Basis of Sickle Cell Trait Law, Florida OSHA, the Florida Constitution, the Florida Fair Housing Act, any regulations promulgated pursuant to any of the foregoing and/or any other Federal, state or local law (statutory, regulatory or otherwise) that may be legally waived and released and (ii) any tort and/or contract claims, including any claims of breach of implied or express contract, unjust enrichment, wrongful discharge, defamation, negligent or intentional infliction of emotional distress, negligent and intentional misrepresentation, tortious interference with contract or a business relationship, fraudulent inducement, fraudulent concealment, invasion of privacy, assault, battery, false imprisonment, nonphysical injury, personal injury or sickness or any other harm.

However, this release and waiver of claims excludes, and **KRYSTAL MIMS** does not waive, release or discharge, (i) any claims which cannot be waived by law; and (ii) any right to file an administrative charge or complaint with the Equal Employment Opportunity Commission or other administrative agency. **KRYSTAL MIMS** agrees that in the event a regulatory agency, including, but not limited to the Equal Employment Opportunity Commission, or any other federal, state or local agency, files a petition or claim on her behalf, or attempts in any way to bring an action against any Released Party by alleging damages or injury sustained by **KRYSTAL MIMS, KRYSTAL MIMS** waives any right to monetary relief related to such action.

5. In the event that **KRYSTAL MIMS** and/or Randolph Hotel commence(s) an action for damages, injunctive relief, or to enforce the provisions of this Agreement, the prevailing party in any such action shall be entitled to an award of his/its reasonable attorneys' fees and all costs, including appellate fees and costs, incurred in connection therewith as determined by the

court in any such action.

6. **KRYSTAL MIMS** agrees that the payments made by Randolph Hotel under this Agreement may be subject to additional withholdings and/or taxes. **KRYSTAL MIMS** agrees that she will bear sole and exclusive responsibility for paying any additional applicable withholding and taxes, as well as any interest or penalties imposed by the Internal Revenue Service or other taxing authority. **KRYSTAL MIMS** agrees to indemnify and hold the Released Parties harmless from any penalties, fines or assessments levied by any taxing authority.

7. **KRYSTAL MIMS** acknowledges that Randolph Hotel's agreement to pay the Non-FLSA Payment amount set forth in subparagraph 3(b) above constitutes consideration to which **KRYSTAL MIMS** was not otherwise entitled, and that the payment of the amount is adequate consideration for her release of any and all non-FLSA claims pursuant to this Agreement.

8. No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by all parties.

9. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of the Agreement and all other valid provisions shall survive and continue to bind the parties.

10. The law governing this Agreement shall be that of the United States and the State of Florida.

**KRYSTAL MIMS**

_(signature)_

DATE 03-07-2018

THE RANDOLPH HOTEL, INC.

_(signature)_

By: Manager
Its: Authorized Signatory

DATE 3/8/18

4